UNITED STATES of America,
Appellee,

v.

Winston CUNNINGHAM, Defendant,
Appellant.

Nos. 02–1785, 02–1674.

United States Court of Appeals,
First Circuit.

March 2, 2004.

Nelson J. Perez–Sosa, Sonia I. Torres–Pabon, U.S. Attorney's Office, Miguel A. Fernandez–Torres, Assistant U.S. Attorney's Office, Warren Vazquez, U.S. Attorney's Office District of P.R., Jorge Vega Pacheco, U.S. Attorney's Office, San Juan, PR, for Appellee.

Marcia J. Silvers, Dunlap & Silvers, Miami, FL, for Defendant–Appellant.

ORDER

The government has moved for clarification as to whether the vacating of the conviction of Winston Cunningham, *United States v. Casas et al.*, 356 F.3d 104, 123–24, 2004 U.S.App. LEXIS 763, at *67 (1st Cir.2004), results in entry of a judgment of acquittal of Cunningham or whether the government is free to retry Cunningham. The defendant has replied only that this court has no power even to clarify the earlier opinion because mandate has issued. The argument is mistaken: there is no request to alter the judgment. We instead are simply clarifying what should have been obvious from the opinion in order to avoid unnecessary confusion or delay in the proceedings on remand. The government's motion is granted and we clarify.

This court's opinion did not vacate with instructions to enter a judgment of acquittal. Cunningham's conviction was vacated based on trial error in the admission of certain testimony by Agent Stoothoff. This court did not hold that there was insufficient evidence to convict, but only that we could not say the trial error as to admission of evidence was harmless. Indeed, Cunningham did not argue on appeal that this evidence was insufficient and so has waived the issue. Nor was any other reason to prevent retrial presented to us. Under such circumstances, there is no Double Jeopardy Clause bar to the government retrying Cunningham, should it choose to do so, upon the vacating of the conviction. *Montana v. Hall,* 481 U.S. 400, 402, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987); *Burks v. United States,* 437 U.S. 1, 6, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Ball v. United States,* 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).

So ordered.